IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIANNA KILLAM, a Washington resident,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JEFF'S AUTO REPAIR, INC., a Washington corporation,<br><br>　　　　　Defendant. | NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW, Plaintiff, Adrianna Killam, by and through her attorneys Conrad A. Reynoldson and Felicity Chamberlain of Washington Civil & Disability Advocate, for her Complaint for Declaratory and Injunctive Relief to state and allege as follows:

### I.　OVERVIEW

1. The Americans with Disabilities Act and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2. The 76 Station at 5490 Sand Point Way NE in Seattle is a place of public

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1  accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its

2  implementing regulation, 28 C.F.R. § 36.104.

3        3.       Over 27 years after the passage of the Americans with Disabilities Act (the

4  "ADA"), Defendant discriminates against individuals with disabilities because Defendant leases

5  or operates a property as a place of public accommodation that does not comply with the ADA

6  accessibility laws and regulations, enacted into law to protect persons with disabilities.

7        4.       Therefore, Plaintiff brings this action to end the civil rights violations at a place of

8  public accommodation by Defendant Jeff's Auto Repair, Inc. against persons with mobility

9  disabilities.

10

11                          **II.     PARTIES**

12       5.       Plaintiff Adrianna Killam is a Washington resident and resides in this district.

13       6.       Ms. Killam is unable to walk and uses a wheelchair and modified vehicle for

14 mobility. She requires accessible parking and an accessible route to patronize the 76 Station on

15 defendant's property.

16       7.       Defendant Jeff's Auto Repair, Inc. is a Washington corporation with a registered

17 agent at 21701 Highway 99 in Lynnwood, Washington.

18                     **III.    JURISDICTION AND VENUE**

19       8.       This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

20 courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

21 United States.

22       9.       This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

23 courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief
**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1  10. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district.

### IV.   FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability."

13. The ADA prohibits places of public accommodation from providing individuals with disabilities with separate or unequal benefits and services.

14. Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA.

**Plaintiff**

15. Ms. Killam is a Burien, Washington resident.

16. Ms. Killam is limited in the major life activity of walking and is thus a qualified person with a disability within the meaning of Title III of the ADA and the Washington Law Against Discrimination.

17. Ms. Killam uses a wheelchair and a modified vehicle for transportation.

18. Ms. Killam travels throughout the Greater Seattle Area on a regular basis.

19. Ms. Killam recently patronized the property in question on several occasions in 2018.

20. Ms. Killam most recently patronized the property in December, 2018.

Complaint for Declaratory and Injunctive Relief
**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

21. Ms. Killam plans to return to the property in question once the accessibility barriers are addressed.

### Defendant's Property

22. Ms. Killam patronized the 76 Station on Defendant's property located at 5490 Sand Point Way NE, Seattle, WA 98105.

23. Ms. Killam used her wheelchair and modified vehicle for transportation, albeit at personal risk due to existing accessibility barriers.

24. Ms. Killam does not feel safe accessing the property as is due to the current accessibility barriers.

25. The barriers Ms. Killam encountered included an improperly sloped accessible parking stall and insufficient room in the accessible route to safely enter the 76 through the customer entrance.

26. Defendant's property does not comply with the ADA's accessibility laws and regulations under either the 1991 ADA Standards for Accessible Design (1991 Standards) or the 2010 ADA Standards for Accessible Design (2010 Standards).

27. The slope within the accessible parking spaces and access aisles shall not be greater than 1:48 or 1:50 in any direction (about a 2% slope). § 502.4 of the 2010 Standards and § 4.6.3 of the 1991 Standards. The accessible parking space on defendant's property exceeds this slope. This poses a danger to Ms. Killam as she may fall or tip over as she loads and unloads her wheelchair from her modified vehicle.

28. For the front approach of a door, there must be 18-inches of maneuvering clearance beyond the latch side of the door and at least 60-inches of clear depth. § 404.2.4 of the 2010 ADA Standards and § 4.13 of the 1991 ADA Standards. The entry door into the 76 Station

Complaint for Declaratory and Injunctive Relief  
**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE  
3513 NE 45th Street, Suite G  
Seattle, WA 98105  
(206) 402-5846

has less than the required depth clearance. This poses great danger to Ms. Killam as she cannot safely get around the door to enter the building and more seriously, could fall off the curb trying to enter the building.

29. Ms. Killam requires a compliant accessible parking and accessible entrance in order to safely patronize the tenant of Defendant's property using her wheelchair.

30. Ms. Killam's attorney, Felicity Chamberlain of Washington Civil & Disability Advocate, provided additional voluntary pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter dated February 12, 2019.

31. Ms. Killam's attorney, Felicity Chamberlain of Washington Civil and Disability Advocate attempted to settle this matter without lawsuit by emails and phone calls with Traca Neely from Jeff's Auto Repair on February 18th, 20th, 28th, March 5th and 7th.

32. Despite Plaintiff's efforts, the parties have been unable to reach a settlement as of the filing of this complaint.

33. Defendant's property is not safe or welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

34. The failure of Defendant to make the property comply with the ADA's accessibility laws and regulations works to exclude people with disabilities from equal access and enjoyment at the property.

### V.   FIRST CAUSE OF ACTION
**Title III of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101** *et seq.*

35. Ms. Killam incorporates by reference each and every allegation in the paragraphs above.

Complaint for Declaratory and Injunctive Relief
**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1   36.   Ms. Killam is limited in the major life activity of walking and is thus a qualified

2   individual with a disability within the meaning of Title III of the ADA.

3   37.   Title III of the ADA states in relevant part: "No individual shall be discriminated

4   against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

5   privileges, advantages, or accommodations of any place of public accommodation by any person

6   who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

7   12182(a).

8   38.   Defendant, Jeff's Auto Repair, Inc., owns or leases the property at 5490 Sand

9   Point Way NE, where the 76 Station is located.

10   39.   The 76 Station is a place of public accommodation. 42 U.S.C. § 12181(7).

11   40.   Defendant has discriminated against Plaintiff on the basis of her disability.

12   41.   Defendant's discriminatory conduct includes but is not limited to:

13       a.   Discriminatory exclusion and/or denial of goods, services, facilities,

14          privileges, advantages, accommodations, and/or opportunities;

15       b.   Provision of goods, services, facilities, privileges, advantages, and/or

16          accommodations that are not equal to those afforded non-disabled

17          individuals;

18       c.   Failing to make reasonable modifications in policies, practices, and/or

19          procedures as necessary to afford the goods, services, facilities, privileges,

20          advantages, and/or accommodations to individuals with disabilities;

21       d.   Failing to make alterations in such a manner that, to the maximum extent

22          feasible, the altered portions are readily accessible to and usable by

23          individuals with disabilities, including individuals who use wheelchairs;

Complaint for Declaratory and Injunctive Relief
**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

      e.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

42. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

43. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Ms. Killam, and the harm continues.

44. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to declaratory and injunctive relief. 42 U.S.C. § 12188.

45. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Ms. Killam to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

### VI.   SECOND CAUSE OF ACTION
**Violation of the Washington Law Against Discrimination**
**(R.C.W. §§ 49.60.010 et seq.)**

46. Ms. Killam incorporates by reference the allegations in the paragraphs above.

47. Ms. Killam is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

48. Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall

Complaint for Declaratory and Injunctive Relief
**Page 7 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . ."

49. Defendant, Jeff's Auto Repair, Inc., owns or leases the property where the 76 Station is located.

50. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by failing to meet multiple accessibility requirements under the ADA.

51. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

52. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Ms. Killam has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate.

53. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Ms. Killam the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

54. Ms. Killam has a clear legal right to access the business at Defendant's property under the Washington Law Against Discrimination.

55. Ms. Killam has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

Complaint for Declaratory and Injunctive Relief
**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

1    56.    Defendant's property does not comply with the ADA's accessibility laws and regulations.

2    57.    Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

3    58.    Pursuant to RCW § 49.60.030(2), Ms. Killam is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Ms. Killam respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant Jeff's Auto Repair, Inc. to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Ms. Killam reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Ms. Killam for violations of her civil rights as allowed under state and federal law;

Complaint for Declaratory and Injunctive Relief
**Page 9 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846

6. Award such additional or alternative relief as may be just, proper and equitable.

DATED THIS 18th day of March, 2019

WASHINGTON CIVIL & DISABILITY ADVOCATE
Attorneys for Plaintiff

/S/ FELICITY CHAMBERLAIN
Felicity Chamberlain
WSBA# 51923
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558
Chamberlain@wacda.com

/S/ CONRAD REYNOLDSON
Conrad Reynoldson
WSBA# 48187
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 428-3558
conrad@wacda.com

Complaint for Declaratory and Injunctive Relief
**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
3513 NE 45th Street, Suite G
Seattle, WA 98105
(206) 402-5846